IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-20,072-02






EX PARTE JAMES FOSTER, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS 


CAUSE NO. 1987-CR-0566A-W2 IN THE 290TH DISTRICT COURT

BEXAR COUNTY




 Per curiam.


 O R D E R


 This is an application for a writ of habeas corpus that was transmitted to this Court
by the clerk of the trial court pursuant to the provisions of Tex. Code Crim. Proc. art 11.07. 
Applicant was convicted of the offense of burglary of a habitation, and, as a habitual
offender, he was sentenced to confinement for forty years. No direct appeal was taken.

 Applicant contends that his parole revocation was improper. Specifically, he contends
that the curfew imposed by his supervising parole officer was not a condition he agreed to
upon release. The trial court has entered an order recommending that the application be
dismissed. However, we disagree. Applicant has stated facts requiring resolution. Because
this Court cannot hear evidence, it is necessary for the matter to be remanded to the trial court
for resolution. This trial court shall resolve the factual issues as set out in Tex. Code Crim.
Proc. art 11.07, § 3 (d), in that it may order affidavits, depositions, or interrogatories from
TDCJ-Parole Division, or it may hold a hearing. In the appropriate case, the trial court may
also rely on personal recollection. 

 If the trial court elects to hold a hearing, the court shall first decide whether Applicant
is indigent. If the court finds that Applicant is indigent and Applicant desires to be
represented by counsel, the trial court shall then, pursuant to the provisions of Tex. Code
Crim. Proc. art. 26.04, appoint an attorney to represent him at the hearing. 

 Following receipt of additional information, the trial court shall make findings of fact
as to the reason(s) why Applicant's parole was revoked and whether he violated a condition 
of his parole. The trial court shall also make any further findings of fact and conclusions of
law it deems relevant and appropriate to the disposition of the application for writ of habeas
corpus.

 Because this Court does not hear evidence, Ex Parte Rodriquez, 169 Tex.Cr.R. 367,
334 S.W.2d 294 (Tex.Crim.App. 1960), this application for a post-conviction writ of habeas
corpus will be held in abeyance pending the trial court's compliance with this order. The
trial court shall resolve the issues presented within 90 days of the date of this order. (1) A
supplemental transcript containing all affidavits, the transcription of the court reporter's notes
from any interrogatories or hearings held, along with the trial court's findings of fact and
conclusions of law, shall be returned to this Court within 120 days of the date of this order. (2)


 IT IS SO ORDERED THIS THE 10 day of May, 2006.





 

DO NOT PUBLISH 
1. In the event any continuances are granted, copies of the order granting the continuance
should be provided to this Court.
2. Any extensions of this time period shall be obtained from this Court.